Justice DARE LI, R. MATLOCK, JR.
Concurring Specially.
The Judicial Appeals Tribunal has subject matter jurisdiction pursuant to Article VII of the constitution of the Cherokee Nation of 1975 and 40 C.N.C.A. § 62
The dispositive issue in these proceedings as correctly set out bv my colleague is sovereign immunity of the Cherokee Nation. The defense of sovereign immunity is an inherent entitlement not to stand trial or face the other burdens of litigation conditioned on the resolution of the essential immunity question.
The Respondent, Cherokee Nation, first raised the defense of sovereign immunity in its answer filed April 19, 2000 and again in its motion for summary judgment filed July 27, 2000. For the reasons stated heretofore I join Justice Leeds in granting judgment to the Respondent, Cherokee Nation, based on sovereign immunity, but, do so on the motion for summary judgment for procedural correctness.
The Respondent, Cherokee Nation, had a right to a ruling on the question of sovereign immunity prior to any other issues being determined and discussion on standing would therefore be dictum. This is not to say my colleague’s analysis is incorrect, but, the resolution of this case is not dependant on that issue.
I would further join Justice Leeds in her concern over the treatment of the Petitioner. Executed this 14th day of April, 2003.